**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ULISES GUARDADO ORDONEZ, | No. 12-70561 |
| Petitioner, | Agency No. A094-172-632 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2014[**]

Before:     LEAVY, GOULD, and BERZON, Circuit Judges.

Ulises Guardado Ordonez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's ("IJ") decision

denying his application for asylum, withholding of removal, and protection under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and for abuse of discretion the BIA's denial of a motion to remand, *de Jesus Melendez v. Gonzales*, 503 F.3d 1019, 1023 (9th Cir. 2007). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Guardado Ordonez failed to establish that it is more likely than not he will be tortured by or with the acquiescence of the government of El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). Further, as to CAT relief, the BIA did not abuse its discretion in denying Guardado Ordonez's motion to remand. *See Cano-Merida v. INS*, 311 F.3d 960, 966 (9th Cir. 2002) (evidence in support of his motion did not demonstrate it is more likely than not petitioner would be tortured with the consent or acquiescence of a public official if returned).

However, in denying Guardado Ordonez's asylum and withholding of removal claims, the agency found Guardado Ordonez failed to establish a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v.*

*Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Guardado Ordonez's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). Apart from our conclusion regarding the BIA's denial of Guardado Ordonez's CAT claim, we do not reach Guardado Ordonez's remaining challenges to the BIA's denial of his motion to remand at this time.

Further, we deny, as moot, the government's request to submit a supplemental brief.

The parties shall bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**